LANG, HANIGAN & CARVALHO, LLP
Arthur Carvalho, Jr. (State Bar No. 125371)
Timothy R. Hanigan (State Bar No. 125791)
21550 Oxnard Street, Suite 760
Woodland Hills, California 91367
(818) 883-5644

Attorneys for Plaintiffs
808 Holdings, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

| | |
|---|---|
| 808 HOLDINGS, LLC, a California limited liability company,<br><br>     Plaintiff,<br><br>  vs.<br><br>COLLECTIVE OF DECEMBER 30, 2011 SHARING HASH E37917C8EEB4585E6421358FF32F29CD63 C23C91ON, and DOES 1 through 54, inclusive,<br><br>     Defendants. | Case No.:  **'12CV0215 MMARBB**<br><br>**COMPLAINT FOR:**<br><br>**(1) DIRECT COPYRIGHT INFRINGEMENT -17 U.S.C. §501;**<br>**(2) CONTRIBUTORY COPYRIGHT INFRINGEMENT; and**<br>**(3) NEGLIGENCE** |

Plaintiff, 808 Holdings, LLC ("808 Holdings" or "Plaintiff") brings and files this complaint against multiple unknown Defendants and alleges as follows:

## I.  NATURE OF THE CASE

1.  808 Holdings is the registered owner, and exclusive right holder, of the copyright for the motion picture, "Brandon & Pierce Unwrapped" (hereinafter the "Motion Picture").  Plaintiff is informed and believes and based thereon alleges that the U.S. Copyright Office received Plaintiff's full and complete copyright application on or about December 22, 2011.  Receipt of a full and complete copyright application satisfies the registration requirements of the U.S. Copyright Office as well as this jurisdiction.  Therefore, Plaintiff holds a federally registered copyright of the Motion Picture from the United States Copyright Office.

2.      All DOE Defendants sued herein (collectively "Defendants"), who's personally identifiable information is currently unknown, acted in a collective and interdependent manner to infringe Plaintiff's copyright protected work using BitTorrent file transfer protocol.

3.      Because of the relative simplicity and ease of BitTorrent, even a single unlawful copy is extremely damaging to Plaintiff's intellectual property rights.  Each time a Defendant unlawfully distributes Plaintiff's Motion Picture to others, those individuals can then distribute that infringing copy to others in an interconnected collective that builds upon itself with each new distribution.  The collective builds upon its prior infringements to grow infinitely larger effectuating a worldwide epidemic of infringements upon Plaintiff's copyright protected work.

4.      Plaintiff seeks relief for the Defendants' systematic and continuous infringement of Plaintiff's copyright in the Motion Picture, and for injunctive relief to interdict the Defendants from continuing their unabashed infringement of Plaintiff's exclusive rights.

## II.  JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement and related claims pursuant to 17 U.S.C. §§ 101, et seq., and 28 U.S.C. §§ 1331 and 1331(a).

6.      Defendants reside in, solicit, transact, and/or are doing business within the jurisdiction of this Court; they have committed unlawful and intentional tortuous acts both within and outside the jurisdiction of this Court with the full knowledge that their acts would cause injury in this jurisdiction.  As such, Defendants have sufficient contacts with this judicial district to permit the Court's exercise of personal jurisdiction over each.

7.      Plaintiff's claims arise out of the Defendants' conduct that gives rise to personal jurisdiction over Defendants.  In taking the affirmative action of both downloading and uploading an audiovisual file of Plaintiff's Motion Picture, Defendants engaged in intentional acts.  As the file contained Plaintiff's business address in this jurisdiction, Defendants knew or should have known - and only could not have known through willful blindness - that the copyright belonged to an entity residing in this jurisdiction and thus Defendants expressly targeted their infringing actions and caused damages so as to take place in this Court's jurisdiction.

8.      Plaintiff is well-known as a California corporation and the adult entertainment industry as a whole, including Plaintiff's corporation,  is commonly known to be centered throughout the State of California.  There was clearly foreseeable harm in this jurisdiction, and Defendants' conduct caused harm that they knew or should have known was likely to be suffered in this forum.

9.      Venue is proper in this Court pursuant to 28 U.S.C. §§§ 1391(b)(2) and 1400(a).  As this is a copyright infringement action, venue is proper in any judicial district in which a Defendant resides or may be found.  Furthermore, although the true identities of each and every member of the collective formed by the Defendants is unknown to the Plaintiff at this time, on information and belief, each Defendant may be found in this District and/or a substantial part of the infringing acts complained of occurred in this District.  Defendants can reasonably anticipate being sued in this District.

### III.   THE PARTIES

10.     808 Holdings is a limited liability company organized and existing under the laws of the State of California with its principal place of business in San Diego, California.  808 Holdings does business under the names "Cody Media" and "SeanCody.com".

11.     The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Each Defendant is presently known to Plaintiff only by the unique Internet Protocol ("IP") address, which was assigned to them by each Defendants' Internet Service Provider ("ISP") on the specific date and at the specific time at which the infringing activity of each Defendant was observed.  The IP address of the account each Defendant used to access the Internet, together with the date and time at which his or her infringing activity was observed is alleged herein below.

12.     The Defendants are a group of BitTorrent users - "peers" - whose computers are collectively interconnected and interdependent on each other for the sharing of a unique file, otherwise known as a "swarm".  Each and every BitTorrent swarm is associated with a specific and unique "hash".  A hash is a unique identifier for a particular file (in this action, Plaintiff's Motion Picture), created by an algorithm developed and implemented by the National Security Agency.

The unique hash file associated with the Motion Picture in the instant action is identified as E37917C8EEB4585E6421358FF32F29CD63C23C91 (herein identified as "E379 Hash").

13.   All of the Defendants republished and duplicated Plaintiff's Motion Picture.  They not only replicated the exact same Motion Picture, but all of the Defendants republished, duplicated, and replicated the exact same copy and exact same hash file.  Thus, all Defendants replicated and shared with each other the precise and exact same file and portions thereof in a completely interconnected and collective effort - dependent on one another to achieve their nefarious ends - to deprive Plaintiff of the exclusive rights afforded to it via the Copyright Act.

14.   Plaintiff is informed and believes and based thereon alleges that each of the Defendants, was and is the agent of the other Defendants, acting within the purpose and scope of said agency.  Plaintiff is further informed and believes and based thereon alleges that each of the Defendants, authorized and ratified the conduct herein alleged of each of the other Defendants.

15.   Plaintiff believes that information obtained in discovery will lead to the identification of Defendants' true names and permit Plaintiff to amend this Complaint to state the same.  Plaintiff will amend this Complaint to include their proper names and capacities when Plaintiff has determined those names.

16.   Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants performed, participated in, abetted in some manner, and are responsible for, the acts described in this Complaint and proximately caused the damages resulting therefrom.

17.   Defendants engaged in their copyright infringement scheme together.  They all used the same torrent-sharing technology to coordinate their collective copyright theft; they were all members of the same exact swarm on the same exact date; they all used the same exact tracker file; they all shared and republished the same exact motion picture; and they all shared the same exact hash file of the Motion Picture with each other and other individuals on the same exact date, December 30, 2011.

18.   The torrent swarm in this case is not an actual entity, but is rather made up of at least 39 individuals, acting in concert with each other, to achieve the common goal of infringing upon the Plaintiff's copyrights both by illegal duplication and distribution of Plaintiff's Motion Picture.

**Defendant Doe 1**

19.     Defendant Doe 1 is unknown, but used the following IP address: 68.114.136.41.

20.     Defendant Doe 1, without authorization, reproduced and distributed Plaintiff's copyright protected  Motion Picture by downloading bits of the digital file identified as Hash E379 from various BitTorrent peers.  As Defendant Doe 1 downloaded pieces of the file from these peers, he made those pieces available for immediate, as well as future, downloading by other BitTorrent peers including the other Defendants.

21.     The infringing activity took place on December 30, 2011 at 2:48 AM UTC.

22.     Plaintiff is informed and believes and based thereon alleges that Defendant continued to make pieces of the hash file available to other torrent peers for *at least* the remainder of the day, thereby making the Motion Picture, or pieces of it, available for the other swarm members, including the subsequently named Defendants.

23.     Doe 1 was the first one detected distributing the Motion Picture, Doe 1 is, on information and belief, the initial propagator of the E379 in the torrent swarm of December 30, 2011.

**Defendant Doe 2**

24.     Defendant Doe 2 is unknown, but used the following IP address:    67.170.159.109

25.     Doe 2 used this IP address to conduct the illegal activities complained of herein, including, but not limited to, the illegal distribution and republication of Plaintiff's copyright protected Motion Picture.  Defendant conducted his infringing activities  through the use of the E379 Hash to an incalculable number of other individuals, including those named in the instant action.

26.     The infringing activity took place on December 30, 2011 at 3:09 AM UTC, 21 minutes after Doe 1.

**Defendant Doe 3**

27.     Defendant Doe 3 is unknown, but used the following IP address:    98.234.238.199.

28.     Doe 3 used this IP address to conduct the illegal activities complained of herein, including, but not limited to, the illegal distribution and republication of Plaintiff's copyright

*Complaint*

1  protected Motion Picture.  Defendant conducted his infringing activities  through the use of the

2  E379 Hash to an incalculable number of other individuals, including those named in the instant

3  action.

4        29.        The infringing activity took place on December 30, 2011 at 4:26 AM UTC, 1 hour

5  and 17 minutes after Doe 2.

6                                        **Defendant Doe 4**

7        30.        Defendant Doe 4 is unknown, but used the following IP address:    68.107.250.207.

8        31.        Doe 4 used this IP address to conduct the illegal activities complained of herein,

9  including, but not limited to, the illegal distribution and republication of Plaintiff's copyright

10  protected Motion Picture.  Defendant conducted his infringing activities  through the use of the

11  E379 Hash to an incalculable number of other individuals, including those named in the instant

12  action.

13        32.        The infringing activity took place on December 28, 2011 at 4:42 AM UTC,16

14  minutes after Doe 3.

15                                        **Defendant Doe 5**

16        33.        Defendant Doe 5 is unknown, but used the following IP address:    66.214.165.228.

17        34.        Doe 5 used this IP address to conduct the illegal activities complained of herein,

18  including, but not limited to, the illegal distribution and republication of Plaintiff's copyright

19  protected Motion Picture.  Defendant conducted his infringing activities  through the use of the

20  E379 Hash to an incalculable number of other individuals, including those named in the instant

21  action.

22        35.        The infringing activity took place on December 28, 2011 at 5:31 AM UTC, 49

23  minutes after Doe 4.

24                                        **Defendant Doe 6**

25        36.        Defendant Doe 6 is unknown, but used the following IP address:    67.190.119.77.

26        37.        Doe 6 used this IP address to conduct the illegal activities complained of herein,

27  including, but not limited to, the illegal distribution and republication of Plaintiff's copyright

28  protected Motion Picture.  Defendant conducted his infringing activities  through the use of the

E379 Hash to an incalculable number of other individuals, including those named in the instant action.

38.     The infringing activity took place on December 28, 2011 at 6:56 AM UTC, 1 hour and 25 minutes after Doe 5.

**Defendant Doe 7**

39.     Defendant Doe 7 is unknown, but used the following IP address:     24.22.134.27.

40.     Doe 7 used this IP address to conduct the illegal activities complained of herein, including, but not limited to, the illegal distribution and republication of Plaintiff's copyright protected Motion Picture.  Defendant conducted his infringing activities  through the use of the E379 Hash to an incalculable number of other individuals, including those named in the instant action.

41.     The infringing activity took place on December 28, 2011 at 7:00 AM UTC, 4 minutes after Doe 6.

**Defendant Doe 8**

42.     Defendant Doe 8 is unknown, but used the following IP address:     75.83.200.252.

43.     Doe 8 used this IP address to conduct the illegal activities complained of herein, including, but not limited to, the illegal distribution and republication of Plaintiff's copyright protected Motion Picture.  Defendant conducted his infringing activities  through the use of the E379 Hash to an incalculable number of other individuals, including those named in the instant action.

44.     The infringing activity took place on December 28, 2011 at 7:03 AM UTC, 3 minutes after Doe 7.

**Defendant Doe 9**

45.     Defendant Doe 9 is unknown, but used the following IP address:     98.202.105.168.

46.     Doe 9 used this IP address to conduct the illegal activities complained of herein, including, but not limited to, the illegal distribution and republication of Plaintiff's copyright protected Motion Picture.  Defendant conducted his infringing activities  through the use of the

/ / /

E379 Hash to an incalculable number of other individuals, including those named in the instant action.

47.    The infringing activity took place on December 28, 2011 at 7:23 AM UTC, 20 minutes after Doe 8.

## Defendant Doe 10

48.    Defendant Doe 10 is unknown, but used the following IP address:  108.69.252.109.

49.    Doe 10 used this IP address to conduct the illegal activities complained of herein, including, but not limited to, the illegal distribution and republication of Plaintiff's copyright protected Motion Picture.  Defendant conducted his infringing activities  through the use of the E379 Hash to an incalculable number of other individuals, including those named in the instant action.

50.    The infringing activity took place on December 28, 2011 at 8:06 AM UTC, 43 minutes after Doe 9.

## Defendant Doe 11

51.    Defendant Doe 11 is unknown, but used the following IP address:  76.170.64.128.

52.    Doe 11 used this IP address to conduct the illegal activities complained of herein, including, but not limited to, the illegal distribution and republication of Plaintiff's copyright protected Motion Picture.  Defendant conducted his infringing activities  through the use of the E379 Hash to an incalculable number of other individuals, including those named in the instant action.

53.    The infringing activity took place on December 28, 2011 at 1:56 PM UTC, 5 hours and 50 minutes after Doe 10.

## Defendant Doe 12

54.    Defendant Doe 12 is unknown, but used the following IP address:  24.6.81.187.

55.    Doe 12 used this IP address to conduct the illegal activities complained of herein, including, but not limited to, the illegal distribution and republication of Plaintiff's copyright protected Motion Picture.  Defendant conducted his infringing activities  through the use of the

/ / /

E379 Hash to an incalculable number of other individuals, including those named in the instant action.

56.     The infringing activity took place on December 28, 2011 at 5:36 PM UTC, 3 hours and 40 minutes after Doe 11.

**Defendant Doe 13**

57.     Defendant Doe 13 is unknown, but used the following IP address:  98.247.162.176.

58.     Doe 13 used this IP address to conduct the illegal activities complained of herein, including, but not limited to, the illegal distribution and republication of Plaintiff's copyright protected Motion Picture.  Defendant conducted his infringing activities  through the use of the E379 Hash to an incalculable number of other individuals, including those named in the instant action.

59.     The infringing activity took place on December 28, 2011 at 5:41 PM UTC, 5 minutes after Doe 12.

**Defendant Doe 14**

60.     Defendant Doe 14 is unknown, but used the following IP address:  67.177.243.250

61.     Doe 14 used this IP address to conduct the illegal activities complained of herein, including, but not limited to, the illegal distribution and republication of Plaintiff's copyright protected Motion Picture.  Defendant conducted his infringing activities  through the use of the E379 Hash to an incalculable number of other individuals, including those named in the instant action.

62.     The infringing activity took place on December 28, 2011 at 5:41 PM UTC, at the exact same time as Doe 13.

**Defendant Doe 15**

63.     Defendant Doe 15 is unknown, but used the following IP address:  50.129.100.58.

64.     Doe 15 used this IP address to conduct the illegal activities complained of herein, including, but not limited to, the illegal distribution and republication of Plaintiff's copyright protected Motion Picture.  Defendant conducted his infringing activities  through the use of the

/ / /

1  E379 Hash to an incalculable number of other individuals, including those named in the instant

2  action.

3          65.     The infringing activity took place on December 28, 2011 at 5:41 PM UTC, at the

4  exact same time as Doe 14.

5                              **Defendant Doe 16**

6          66.     Defendant Doe 16 is unknown, but used the following IP address:  68.202.87.235.

7          67.     Doe 16 used this IP address to conduct the illegal activities complained of herein,

8  including, but not limited to, the illegal distribution and republication of Plaintiff's copyright

9  protected Motion Picture.  Defendant conducted his infringing activities  through the use of the

10  E379 Hash to an incalculable number of other individuals, including those named in the instant

11  action.

12         68.     The infringing activity took place on December 28, 2011 at 5:42 PM UTC, 1 minute

13  after Doe 15.

14                              **Defendant Doe 17**

15         69.     Defendant Doe 17 is unknown, but used the following IP address:  67.55.179.218.

16         70.     Doe 17 used this IP address to conduct the illegal activities complained of herein,

17  including, but not limited to, the illegal distribution and republication of Plaintiff's copyright

18  protected Motion Picture.  Defendant conducted his infringing activities  through the use of the

19  E379 Hash to an incalculable number of other individuals, including those named in the instant

20  action.

21         71.     The infringing activity took place on December 28, 2011 at 5:47 PM UTC, 5

22  minutes after Doe 16.

23                              **Defendant Doe 18**

24         72.     Defendant Doe 18 is unknown, but used the following IP address:  98.239.186.69.

25         73.     Doe 18 used this IP address to conduct the illegal activities complained of herein,

26  including, but not limited to, the illegal distribution and republication of Plaintiff's copyright

27  protected Motion Picture.  Defendant conducted his infringing activities  through the use of the

28  / / /

1  E379 Hash to an incalculable number of other individuals, including those named in the instant

2  action.

3      74.    The infringing activity took place on December 28, 2011 at 5:49 PM UTC, 2

4  minutes after Doe 17.

5                                    **Defendant Doe 19**

6      75.    Defendant Doe 19 is unknown, but used the following IP address:  98.254.227.157.

7      76.    Doe 19 used this IP address to conduct the illegal activities complained of herein,

8  including, but not limited to, the illegal distribution and republication of Plaintiff's copyright

9  protected Motion Picture.  Defendant conducted his infringing activities  through the use of the

10 E379 Hash to an incalculable number of other individuals, including those named in the instant

11 action.

12     77.    The infringing activity took place on December 28, 2011 at 5:57 PM UTC, 8

13 minutes after Doe 18.

14                                   **Defendant Doe 20**

15     78.    Defendant Doe 20 is unknown, but used the following IP address:  98.801.18.37.

16     79.    Doe 20 used this IP address to conduct the illegal activities complained of herein,

17 including, but not limited to, the illegal distribution and republication of Plaintiff's copyright

18 protected Motion Picture.  Defendant conducted his infringing activities  through the use of the

19 E379 Hash to an incalculable number of other individuals, including those named in the instant

20 action.

21     80.    The infringing activity took place on December 28, 2011 at 6:08 PM UTC, 11

22 minutes after Doe 19.

23                                   **Defendant Doe 21**

24     81.    Defendant Doe 21 is unknown, but used the following IP address:  71.162.23.184

25     82.    Doe 21 used this IP address to conduct the illegal activities complained of herein,

26 including, but not limited to, the illegal distribution and republication of Plaintiff's copyright

27 protected Motion Picture.  Defendant conducted his infringing activities  through the use of the

28 / / /

*Complaint*

1  E379 Hash to an incalculable number of other individuals, including those named in the instant

2  action.

3      83.    The infringing activity took place on December 28, 2011 at 6:10 PM UTC, 2

4  minutes after Doe 20.

5                          **Defendant Doe 22**

6      84.    Defendant Doe 22 is unknown, but used the following IP address:  184.79.24.250.

7      85.    Doe 22 used this IP address to conduct the illegal activities complained of herein,

8  including, but not limited to, the illegal distribution and republication of Plaintiff's copyright

9  protected Motion Picture.  Defendant conducted his infringing activities  through the use of the

10  E379 Hash to an incalculable number of other individuals, including those named in the instant

11  action.

12      86.    The infringing activity took place on December 28, 2011 at 6:11 PM UTC, 1 minute

13  after Doe 21.

14                          **Defendant Doe 23**

15      87.    Defendant Doe 23 is unknown, but used the following IP address:  24.13.168.114.

16      88.    Doe 23 used this IP address to conduct the illegal activities complained of herein,

17  including, but not limited to, the illegal distribution and republication of Plaintiff's copyright

18  protected Motion Picture.  Defendant conducted his infringing activities  through the use of the

19  E379 Hash to an incalculable number of other individuals, including those named in the instant

20  action.

21      89.    The infringing activity took place on December 28, 2011 at 6:11 PM UTC, at the

22  exact same time as Doe 22.

23                          **Defendant Doe 24**

24      90.    Defendant Doe 24 is unknown, but used the following IP address:24.178.186.3.

25      91.    Doe 24 used this IP address to conduct the illegal activities complained of herein,

26  including, but not limited to, the illegal distribution and republication of Plaintiff's copyright

27  protected Motion Picture.  Defendant conducted his infringing activities  through the use of the

28  / / /

1  E379 Hash to an incalculable number of other individuals, including those named in the instant

2  action.

3          92.      The infringing activity took place on December 28, 2011 at 6:11 PM UTC, at the

4  exact same time as Doe 22 and Doe 23.

5                              **Defendant Doe 25**

6          93.      Defendant Doe 25 is unknown, but used the following IP address:  71.22.158.153.

7          94.      Doe 25 used this IP address to conduct the illegal activities complained of herein,

8  including, but not limited to, the illegal distribution and republication of Plaintiff's copyright

9  protected Motion Picture.  Defendant conducted his infringing activities  through the use of the

10  E379 Hash to an incalculable number of other individuals, including those named in the instant

11  action.

12          95.      The infringing activity took place on December 28, 2011 at 6:20 PM UTC, 9

13  minutes after Doe 24.

14                              **Defendant Doe 26**

15          96.      Defendant Doe 26 is unknown, but used the following IP address:72.93.241.177.

16          97.      Doe 26 used this IP address to conduct the illegal activities complained of herein,

17  including, but not limited to, the illegal distribution and republication of Plaintiff's copyright

18  protected Motion Picture.  Defendant conducted his infringing activities  through the use of the

19  E379 Hash to an incalculable number of other individuals, including those named in the instant

20  action.

21          98.      The infringing activity took place on December 28, 2011 at 6:23 PM UTC, 3

22  minutes after Doe 25.

23                              **Defendant Doe 27**

24          99.      Defendant Doe 27 is unknown, but used the following IP address:  75.41.122.170.

25          100.     Doe 27 used this IP address to conduct the illegal activities complained of herein,

26  including, but not limited to, the illegal distribution and republication of Plaintiff's copyright

27  protected Motion Picture.  Defendant conducted his infringing activities  through the use of the

28  / / /

1  E379 Hash to an incalculable number of other individuals, including those named in the instant

2  action.

3       101.    The infringing activity took place on December 28, 2011 at 6:36 PM UTC, 13

4  minutes after Doe 26.

5  **Defendant Doe 28**

6       102.    Defendant Doe 28 is unknown, but used the following IP address:  207.181.235.17.

7       103.    Doe 28 used this IP address to conduct the illegal activities complained of herein,

8  including, but not limited to, the illegal distribution and republication of Plaintiff's copyright

9  protected Motion Picture.  Defendant conducted his infringing activities  through the use of the

10  E379 Hash to an incalculable number of other individuals, including those named in the instant

11  action.

12       104.    The infringing activity took place on December 28, 2011 at 6:41 PM UTC, 4

13  minutes after Doe 27.

14  **Defendant Doe 29**

15       105.    Defendant Doe 29 is unknown, but used the following IP address:  97.82.165.151.

16       106.    Doe 29 used this IP address to conduct the illegal activities complained of herein,

17  including, but not limited to, the illegal distribution and republication of Plaintiff's copyright

18  protected Motion Picture.  Defendant conducted his infringing activities  through the use of the

19  E379 Hash to an incalculable number of other individuals, including those named in the instant

20  action.

21       107.    The infringing activity took place on December 28, 2011 at 6:41 PM UTC, at the

22  exact same time as Doe 28.

23  **Defendant Doe 30**

24       108.    Defendant Doe 30 is unknown, but used the following IP address:  76.179.14.95.

25       109.    Doe 30 used this IP address to conduct the illegal activities complained of herein,

26  including, but not limited to, the illegal distribution and republication of Plaintiff's copyright

27  protected Motion Picture.  Defendant conducted his infringing activities  through the use of the

28  / / /

1   E379 Hash to an incalculable number of other individuals, including those named in the instant

2   action.

3          110.     The infringing activity took place on December 28, 2011 at 6:51 PM UTC, 10

4   minutes after Doe 29.

5                                    **Defendant Doe 31**

6          111.     Defendant Doe 31 is unknown, but used the following IP address:  71.234.99.7.

7          112.     Doe 30 used this IP address to conduct the illegal activities complained of herein,

8   including, but not limited to, the illegal distribution and republication of Plaintiff's copyright

9   protected Motion Picture.  Defendant conducted his infringing activities  through the use of the

10  E379 Hash to an incalculable number of other individuals, including those named in the instant

11  action.

12         113.     The infringing activity took place on December 28, 2011 at 6:59 PM UTC, 3

13  minutes after Doe 30.

14                                   **Defendant Doe 32**

15         114.     Defendant Doe 32 is unknown, but used the following IP address:  71.59.73.78.

16         115.     Doe 32 used this IP address to conduct the illegal activities complained of herein,

17  including, but not limited to, the illegal distribution and republication of Plaintiff's copyright

18  protected Motion Picture.  Defendant conducted his infringing activities  through the use of the

19  E379 Hash to an incalculable number of other individuals, including those named in the instant

20  action.

21         116.     The infringing activity took place on December 28, 2011 at 7:00 PM UTC, 1 minute

22  after Doe 31.

23                                   **Defendant Doe 33**

24         117.     Defendant Doe 33 is unknown, but used the following IP address:  72.219.143.99.

25         118.     Doe 33 used this IP address to conduct the illegal activities complained of herein,

26  including, but not limited to, the illegal distribution and republication of Plaintiff's copyright

27  protected Motion Picture.  Defendant conducted his infringing activities  through the use of the

28  / / /

E379 Hash to an incalculable number of other individuals, including those named in the instant action.

119.    The infringing activity took place on December 28, 2011 at 7:05 PM UTC, 5 minutes after Doe 32.

### Defendant Doe 34

120.    Defendant Doe 34 is unknown, but used the following IP address:  99.60.237.38.

121.    Doe 34 used this IP address to conduct the illegal activities complained of herein, including, but not limited to, the illegal distribution and republication of Plaintiff's copyright protected Motion Picture.  Defendant conducted his infringing activities  through the use of the E379 Hash to an incalculable number of other individuals, including those named in the instant action.

122.    The infringing activity took place on December 28, 2011 at 7:07 PM UTC, 2 minutes after Doe 33.

### Defendant Doe 35

123.    Defendant Doe 35 is unknown, but used the following IP address:  107.10.59.217.

124.    Doe 35 used this IP address to conduct the illegal activities complained of herein, including, but not limited to, the illegal distribution and republication of Plaintiff's copyright protected Motion Picture.  Defendant conducted his infringing activities  through the use of the E379 Hash to an incalculable number of other individuals, including those named in the instant action.

125.    The infringing activity took place on December 28, 2011 at 7:20 PM UTC, 13 minutes after Doe 34.

### Defendant Doe 36

126.    Defendant Doe 36 is unknown, but used the following IP address:  66.25.61.166.

127.    Doe 36 used this IP address to conduct the illegal activities complained of herein, including, but not limited to, the illegal distribution and republication of Plaintiff's copyright protected Motion Picture.  Defendant conducted his infringing activities  through the use of the

/ / /

E379 Hash to an incalculable number of other individuals, including those named in the instant action.

128.     The infringing activity took place on December 28, 2011 at 7:22 PM UTC, 2 minute after Doe 35.

### Defendant Doe 37

129.     Defendant Doe 37 is unknown, but used the following IP address:  98.242.241.43

130.     Doe 37 used this IP address to conduct the illegal activities complained of herein, including, but not limited to, the illegal distribution and republication of Plaintiff's copyright protected Motion Picture.  Defendant conducted his infringing activities  through the use of the E379 Hash to an incalculable number of other individuals, including those named in the instant action.

131.     The infringing activity took place on December 28, 2011 at 7:54 PM UTC,31 minutes after Doe 36.

### Defendant Doe 38

132.     Defendant Doe 38 is unknown, but used the following IP address:  67.180.76.219.

133.     Doe 38 used this IP address to conduct the illegal activities complained of herein, including, but not limited to, the illegal distribution and republication of Plaintiff's copyright protected Motion Picture.  Defendant conducted his infringing activities  through the use of the E379 Hash to an incalculable number of other individuals, including those named in the instant action.

134.     The infringing activity took place on December 28, 2011 at 7:55 PM UTC, 1 minute after Doe 37.

### Defendant Doe 39

135.     Defendant Doe 39 is unknown, but used the following IP address:  71.172.185.29.

136.     Doe 39 used this IP address to conduct the illegal activities complained of herein, including, but not limited to, the illegal distribution and republication of Plaintiff's copyright protected Motion Picture.  Defendant conducted his infringing activities  through the use of the

/ / /

1   E379 Hash to an incalculable number of other individuals, including those named in the instant

2   action.

3        137.    The infringing activity took place on December 28, 2011 at 8:03 PM UTC, 8

4   minutes after Doe 38.

5                              **Defendant Doe 40**

6        138.    Defendant Doe 40 is unknown, but used the following IP address:  98.157.155.140.

7        139.    Doe 40 used this IP address to conduct the illegal activities complained of herein,

8   including, but not limited to, the illegal distribution and republication of Plaintiff's copyright

9   protected Motion Picture.  Defendant conducted his infringing activities  through the use of the

10  E379 Hash to an incalculable number of other individuals, including those named in the instant

11  action.

12       140.    The infringing activity took place on December 28, 2011 at 8:06 PM UTC, at the

13  exact same time as Doe 39.

14                             **Defendant Doe 41**

15       141.    Defendant Doe 41 is unknown, but used the following IP address:  768.183.18.205..

16       142.    Doe 41 used this IP address to conduct the illegal activities complained of herein,

17  including, but not limited to, the illegal distribution and republication of Plaintiff's copyright

18  protected Motion Picture.  Defendant conducted his infringing activities  through the use of the

19  E379 Hash to an incalculable number of other individuals, including those named in the instant

20  action.

21       143.    The infringing activity took place on December 28, 2011 at 8:13 PM UTC, 7

22  minutes after Doe 40.

23                             **Defendant Doe 42**

24       144.    Defendant Doe 42 is unknown, but used the following IP address:  69.217.174.188.

25       145.    Doe 42 used this IP address to conduct the illegal activities complained of herein,

26  including, but not limited to, the illegal distribution and republication of Plaintiff's copyright

27  protected Motion Picture.  Defendant conducted his infringing activities  through the use of the

28  / / /

E379 Hash to an incalculable number of other individuals, including those named in the instant action.

146.    The infringing activity took place on December 28, 2011 at 8:18 PM UTC, 5 minutes after Doe 41.

### Defendant Doe 43

147.    Defendant Doe 43 is unknown, but used the following IP address:  98.218.232.202.

148.    Doe 43 used this IP address to conduct the illegal activities complained of herein, including, but not limited to, the illegal distribution and republication of Plaintiff's copyright protected Motion Picture.  Defendant conducted his infringing activities  through the use of the E379 Hash to an incalculable number of other individuals, including those named in the instant action.

149.    The infringing activity took place on December 28, 2011 at 8:25 PM UTC, 7 minutes after Doe 42.

### Defendant Doe 44

150.    Defendant Doe 44 is unknown, but used the following IP address:  209.6.133.220.

151.    Doe 44 used this IP address to conduct the illegal activities complained of herein, including, but not limited to, the illegal distribution and republication of Plaintiff's copyright protected Motion Picture.  Defendant conducted his infringing activities  through the use of the E379 Hash to an incalculable number of other individuals, including those named in the instant action.

152.    The infringing activity took place on December 28, 2011 at 8:51 PM UTC, 26 minutes after Doe 43.

### Defendant Doe 45

153.    Defendant Doe 45 is unknown, but used the following IP address:  98.213.166.208.

154.    Doe 45 used this IP address to conduct the illegal activities complained of herein, including, but not limited to, the illegal distribution and republication of Plaintiff's copyright protected Motion Picture.  Defendant conducted his infringing activities  through the use of the

//

1   E379 Hash to an incalculable number of other individuals, including those named in the instant

2   action.

3      155. The infringing activity took place on December 28, 2011 at 8:55 PM UTC, 4

4   minutes after Doe 44.

5              **<u>Defendant Doe 46</u>**

6      156. Defendant Doe 46 is unknown, but used the following IP address:  68.35.68.74.

7      157. Doe 46 used this IP address to conduct the illegal activities complained of herein,

8   including, but not limited to, the illegal distribution and republication of Plaintiff's copyright

9   protected Motion Picture.  Defendant conducted his infringing activities  through the use of the

10  E379 Hash to an incalculable number of other individuals, including those named in the instant

11  action.

12     158. The infringing activity took place on December 28, 2011 at 8:57 PM UTC, 2

13  minutes after Doe 45.

14             **<u>Defendant Doe 47</u>**

15     159. Defendant Doe 47 is unknown, but used the following IP address:  76.21.171.5.

16     160. Doe 47 used this IP address to conduct the illegal activities complained of herein,

17  including, but not limited to, the illegal distribution and republication of Plaintiff's copyright

18  protected Motion Picture.  Defendant conducted his infringing activities  through the use of the

19  E379 Hash to an incalculable number of other individuals, including those named in the instant

20  action.

21     161. The infringing activity took place on December 28, 2011 at 9:11 PM UTC, 14

22  minutes after Doe 46.

23             **<u>Defendant Doe 48</u>**

24     162. Defendant Doe 48 is unknown, but used the following IP address:  99.47.238.7.

25     163. Doe 48 used this IP address to conduct the illegal activities complained of herein,

26  including, but not limited to, the illegal distribution and republication of Plaintiff's copyright

27  protected Motion Picture.  Defendant conducted his infringing activities  through the use of the

28  //

E379 Hash to an incalculable number of other individuals, including those named in the instant action.

164.    The infringing activity took place on December 28, 2011 at 9:22 PM UTC, 11 minutes after Doe 47.

### Defendant Doe 49

165.    Defendant Doe 49 is unknown, but used the following IP address:  24.34.78.7.

166.    Doe 49 used this IP address to conduct the illegal activities complained of herein, including, but not limited to, the illegal distribution and republication of Plaintiff's copyright protected Motion Picture.  Defendant conducted his infringing activities  through the use of the E379 Hash to an incalculable number of other individuals, including those named in the instant action.

167.    The infringing activity took place on December 28, 2011 at 9:25 PM UTC, 3 minutes after Doe 48.

### Defendant Doe 50

168.    Defendant Doe 50 is unknown, but used the following IP address:  174.19.149.29.

169.    Doe 50 used this IP address to conduct the illegal activities complained of herein, including, but not limited to, the illegal distribution and republication of Plaintiff's copyright protected Motion Picture.  Defendant conducted his infringing activities  through the use of the E379 Hash to an incalculable number of other individuals, including those named in the instant action.

170.    The infringing activity took place on December 28, 2011 at 9:50 PM UTC, 25 minutes after Doe 49.

### Defendant Doe 51

171.    Defendant Doe 51 is unknown, but used the following IP address:  75.177.29.225.

172.    Doe 51 used this IP address to conduct the illegal activities complained of herein, including, but not limited to, the illegal distribution and republication of Plaintiff's copyright protected Motion Picture.  Defendant conducted his infringing activities  through the use of the

//

1  E379 Hash to an incalculable number of other individuals, including those named in the instant

2  action.

3      173.    The infringing activity took place on December 28, 2011 at 9:51 PM UTC, 1 minute

4  after Doe 50.

5                                **Defendant Doe 52**

6      174.    Defendant Doe 52 is unknown, but used the following IP address:  72.214.4.74.

7      175.    Doe 52 used this IP address to conduct the illegal activities complained of herein,

8  including, but not limited to, the illegal distribution and republication of Plaintiff's copyright

9  protected Motion Picture.  Defendant conducted his infringing activities  through the use of the

10  E379 Hash to an incalculable number of other individuals, including those named in the instant

11  action.

12      176.    The infringing activity took place on December 28, 2011 at 9:52 PM UTC, 1 minute

13  after Doe 51.

14                                **Defendant Doe 53**

15      177.    Defendant Doe 53 is unknown, but used the following IP address:  216.252.198.52.

16      178.    Doe 53 used this IP address to conduct the illegal activities complained of herein,

17  including, but not limited to, the illegal distribution and republication of Plaintiff's copyright

18  protected Motion Picture.  Defendant conducted his infringing activities  through the use of the

19  E379 Hash to an incalculable number of other individuals, including those named in the instant

20  action.

21      179.    The infringing activity took place on December 28, 2011 at 9:52 PM UTC, at the

22  exact same time as Doe 52.

23                                **Defendant Doe 54**

24      180.    Defendant Doe 54 is unknown, but used the following IP address:  74.244.4.144.

25      181.    Doe 54 used this IP address to conduct the illegal activities complained of herein,

26  including, but not limited to, the illegal distribution and republication of Plaintiff's copyright

27  protected Motion Picture.  Defendant conducted his infringing activities  through the use of the

28  //

*Complaint*

E379 Hash to an incalculable number of other individuals, including those named in the instant action.

182.    The infringing activity took place on December 28, 2011 at 9:55 PM UTC, 3 minutes after Doe 53.

### IV.  COPYRIGHT AND BITTORRENT

183.    BitTorrent is a peer-to-peer file sharing protocol that allows quick downloading of large files using minimum bandwidth.  Unlike previously used technology, such as Limewire, Kazaa, and Napster, BitTorrent allows for higher transfer speeds by locating pieces (or "bits") of the file already present on other users' computers and downloading them simultaneously.  This is done by joining into the "swarm," or collective, of peers to download and upload from each other simultaneously.  Such process allows for downloading of popular content, such as copyright protected television shows and motion pictures, much faster than using alternative technology.

184.    While the science of the BitTorrent process is admittedly convoluted, the process each user goes through to download the file is quick and efficient.  If a user wants to download a media file, he effortlessly opens the corresponding file on a BitTorrent client application.  Such files can be readily found online or on infinite numbers of BitTorrent cataloging web sites.

185.    The downloader's BitTorrent client then extracts a list containing various tracker locations which it then connects to that identifies IP addresses that have the file available.  Each IP address identifies an uploader who is **currently** running BitTorrent software on his computer and is **currently** offering the file to distribute and copy.  The downloader's BitTorrent program then begins downloading the motion picture file without any further action from the user.

186.    The swarms conception begins with one initial user - called the "seed user" or "seeder".  The seeder intentionally begins to share a file with a torrent swarm.  The original file thus contains Plaintiff's entire copyrighted Motion Picture.

187.    New members of the swarm then connect to the "seeder" to download the file.  This download creates an exact digital copy of Plaintiff's copyrighted Motion Picture.  As new infringers join the swarm, the process repeats itself and expands the number of users in the collective swarm to the thousands.  Each member is concurrently uploading and downloading

23

portions of the same exact digital copy with each other.  Thus, even if the initial seeder leaves the swarm, the file is already spread amongst the entire swarm and can be downloaded at will by old and new members of the swarm, even without the initial seeder.

188.    This process causes the file to be broken up over hundreds of pieces ("bits") that make both downloading and uploading quicker and more efficient.  Each bit is then immediately made available for distribution to others seeking the same file.  The effect of this method of infringement means that every user who has a copy of the infringing material on a torrent network must necessarily also be a source for others to download that same material.  Thus, even though the initial seeder may leave the swarm, every downloader becomes an uploader for those seeking the file.

189.    The total number of users participating in the swarm at any given time increases the overall speed and efficiency at which all the other swarm members can download the entire file.  Thus, each user relies on the other swarm members for not only specific bits of the audiovisual file he exchanges to or from specific users, but also he necessarily relies on *all* the other members of the swarm to increase the speed at which he is able to download the file.  In effect, due to the nature of an infringing swarm, every infringer is - and by necessity together - simultaneously both stealing the Plaintiff's copyright protected material and redistributing it for others.

190.    BitTorrent also polices itself to encourage the continued infringement of Plaintiff's copyrights.  If a user should feel that they simply want to download the requested content without also serving as an uploading source for others, they become a "leecher".  Leeching is discouraged by the swarm by stalling the downloads of leechers in order to preserve network speed for those who are also contributing to the swarm.  Thus, BitTorrent is of no use to members unless they not only copy, but also distribute the work in question.

191.    The Motion Picture at issue in this action is easily discernable as a professional work.  Plaintiff is a premiere name in the adult entertainment industry and created the works using professional performers, directors, cinematographers, lighting technicians, set designers and editors.  Plaintiff created each work with professional-grade cameras, lighting and editing equipment.

/ / /

192.    Each of Plaintiff's works is marked with Plaintiff's trademark (Sean Cody) and a statement as required by 18 U.S.C. § 2257 that age verification records for all individuals appearing in the works are maintained at Plaintiff's corporate offices in San Diego, California.

193.    At various times, Plaintiff discovered and documented Defendant DOES 1-54, without authorization, copying and distributing by and through a BitTorrent network, the Motion Picture owned by and registered to Plaintiff in violation of 17 U.S.C. §§ 106(1) and (3).  By so doing, Defendants have knowingly and purposefully infringed, and induced others to infringe, Plaintiff's copyrighted works.

194.    Defendants are contributing to a problem that threatens the profitability and viability of Plaintiff.  Although Plaintiff cannot determine at this time the precise amount of revenue that it has lost as a result of the peer-to-peer file sharing of its works, through BitTorrent software, the amount of that lost revenue is enormous.

## V.  ALL DEFENDANTS ARE MEMBERS OF THE SAME SWARM

195.    Defendants are all members of a single collective peer-to-peer (hereinafter "P2P") network that was used for the unlawful infringement of Plaintiff's copyright protected Motion Picture.

196.    Defendants began this process by searching for and downloading BitTorrent software that enabled them to search for and download Plaintiff's copyright protected work.

197.    The unique identifier created by the National Security Agency associated with this particular action is the E379 hash.  Each and every Defendant is a member of the same collective swarm associated with the E379 hash.  Each acted collectively, and in concert, in effectuating the illegal and unauthorized sharing of Plaintiff's copyrighted work.

198.    Each and every Defendant was, or is, in possession of a computer that joined this collective swarm for the purposes of illegally downloading Plaintiff's copyrighted work.  Each and every computer used by Defendants harbored, or still does harbor, Plaintiff's copyrighted work which was downloaded through the same exact swarm, on the same exact date, sharing the same exact hash file.

/ / /

199.    Each and every Defendant unlawfully republished and redistributed Plaintiff's Motion Picture.  Defendants did not merely share multiple copies of the Motion Picture, but shared the exact same copy (as all have the same exact hash file), through the exact same swarm, on the exact same date.  Such evidence shows that Defendants acted in concert and linked together in a massive collective effort and conspiracy to infringe on Plaintiff's exclusive rights in the copyright protected Motion Picture.

200.    Each Defendant used the same exact method of infringement by use of the BitTorrent file transfer protocol to upload and download Plaintiffs works.  At no time did any Defendant have permission or license from Plaintiff to copy, distribute or publish the Motion Picture.

201.    After each Defendant had possession of the tracker file to find and locate each other member of the infringing swarm, each and every Defendant used that information to connect to other Defendants for the purpose of sharing Plaintiff's copyright protected work with other members of the swarm.

202.    Each and every Defendant then joined the same exact swarm, acting in concert and in a collective nature to upload and download the same exact motion picture, using the same exact unique hash identifier.

203.    After being connected to the BitTorrent swarm sharing the requested Motion Picture, each and every Defendant shared the Motion Picture between each other.  Such action was done by breaking the larger work into smaller bits and giving and taking each bit from each other as needed to reassemble the infringing Motion Picture in its entirety on their computers.

204.    Because of the foregoing facts, each and every Defendant participated in the same exact swarm, infringing upon Plaintiff's exclusive rights in its work by uploading (distributing) and downloading (reproducing) Plaintiff's copyrighted film.  Through such action each Defendant assisted each other, as members for the same exact swarm, to download the same exact infringing work.

/ / /

/ / /

## VI.  FIRST CAUSE OF ACTION

### (Copyright Infringement 17 U.S.C. §501)

205.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraph 1-204  above, inclusive.

206.    At all times relevant hereto, Plaintiff has been the producer and owner of the audiovisual work "Brandon & Pierce Unwrapped," which Defendants willful and intentionally reproduced and distributed by and through the Internet using BitTorrent protocol.

207.    Plaintiff is informed and believes and based thereon alleges that the U.S. Copyright Office received Plaintiff's full and complete copyright application on or about December 22, 2011. Receipt of a full and complete copyright application satisfies the registration requirements of the U.S. Copyright Office as well as this jurisdiction.  Therefore, Plaintiff holds a federally registered copyright of the Motion Picture from the United States Copyright Office.

208.    Among the exclusive rights granted to Plaintiff under the Copyright Act are the exclusive rights to reproduce the Motion Picture and to distribute it - rights willfully and maliciously infringed upon by Defendants.

209.    Plaintiff is informed and believed and based thereon alleges that Defendants, without authorization, reproduced and distributed Plaintiff's copyright registered Motion Picture by and through the Internet using BitTorrent technology.

210.    Defendants knew or should have known (and if they did not know it was only through willful blindness) that they were not authorized to reproduce or distribute Plaintiff's Motion Picture.

211.    As a direct result of Defendants' infringing actions, Plaintiff is entitled to either actual or statutory damages pursuant to 17 U.S.C. §501(c), and to its attorneys' fees pursuant to 17 U.S.C. § 505.

212.    The conduct of Defendants is, and will continue to, cause Plaintiff serious irreparable harm.  Said harm will continue unless Defendants are restrained from such conduct by this Court.  Plaintiff has no adequate remedy at law to stop such conduct.  Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief stopping Defendants from further infringing

27

1   upon Plaintiff's exclusive rights, and ordering Defendants to destroy all copies of the Motion

2   Picture made in violation of Plaintiff's exclusive rights under the Copyright Act.

### VII.  SECOND CAUSE OF ACTION

### (Contributory Copyright Infringement)

5       213.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth

6   in paragraph 1-212 above, inclusive.

7       214.    Each Defendant has directly engaged in the unauthorized reproduction and

8   distribution of Plaintiff's copyright registered work as set forth above.

9       215.    Each Defendant materially contributed to the direct infringement of the

10   aforementioned named Defendants by providing pieces of Plaintiff's copyright registered work to

11   those Defendants directly and/or by allowing those Defendants to download the infringing copies

12   from other peers more quickly and more efficiently by adding to the overall efficiency of the swarm

13   on the date in question.

14      216.    Defendants, each and every, knew they were infringing upon Plaintiff's copyright

15   and knew the other swarm participates, including the other Defendants, also were infringing upon

16   Plaintiff's work.

17      217.    Each of the peers who illegally downloaded the Motion Picture derived portions of

18   their illegal replication of the file from multiple peers including the other Defendants.  At the same

19   time, each Defendant offered pieces of the file to help other peers, including the remaining

20   Defendants, replicate and compile new copies of the file.

21      218.    When users all possess the same infringing work with the same exact hash number,

22   as is the case here, it is because each infringer possess an exact digital copy, containing the exact

23   bits unique to that file, of the original work.  In essence, although hundreds of users may be

24   uploading the copyrighted work, you will receive only the exact parts of a singular upload, not a

25   compilation of available pieces from various uploads.

26      219.    Defendants, each and every, published the exact same hash file to the BitTorrent

27   network.

28   / / /

220. Each and every Defendant downloaded, uploaded and distributed the Motion Picture to each other, in concert with one another, dependent on each other, and through use of the exact same protocol.

221. Because it is the exact same Motion Picture, using the exact same hash, in the same general time frame, the transaction of events at issue in this Complaint are common to all Defendants, thus rendering the Defendants properly joined in this action.

222. Each Defendant assisted other members of the swarm, by either exchanging pieces with that user directly or by providing an alternative source for peers thereby making the swarm work more efficiently and increasing the speed in which each other Defendant was able to download the entire Motion Picture.

223. The Defendants were conscious of their own infringement and of the fact that multiple other persons derivatively downloaded from them the file containing Plaintiff's copyright protected Motion Picture.

224. The infringement by other BitTorrent users could not have occurred but for the Defendants' participation and the participation of others. As such, the Defendants' participation in the infringing activities of others is substantial.

225. Each Defendant is contributory liable for the infringing acts of the other Defendants.

226. Each Defendant is jointly and severally liable for the harm Plaintiff suffered as a result of the Defendants contribution in the infringement of its copyright registered work including the continuing nearly limitless distribution of the infringing Motion Picture across the Internet.

227. As a direct result of Defendants' infringing actions, Plaintiff is entitled to either actual or statutory damages pursuant to 17 U.S.C. §50(c), and to its attorneys' fees pursuant to 17 U.S.C. § 505.

228. The conduct of Defendants is, and will continue to, cause Plaintiff serious irreparable harm. Said harm will continue unless Defendants are restrained from such conduct by this Court. Plaintiff has no adequate remedy at law to stop such conduct. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief stopping Defendants from further infringing upon

/ / /

Plaintiff's exclusive rights, and ordering Defendants to destroy all copies of the Motion Picture

made in violation of Plaintiff's exclusive rights under the Copyright Act.

## VIII.  THIRD CAUSE OF ACTION

### (Negligence)

229.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth

in paragraph 1-228 above, inclusive.

230.    Defendants accessed or controlled access to the Internet connection used in

performing the unauthorized copying and sharing of Plaintiff's Motion Picture as described above.

231.    Plaintiff alternatively alleges that Defendants failed to adequately secure their

Internet access, whether accessible only through their computer when physically connected to the

Internet, or accessible to many computers by use of a router, and failed to prevent its unlawful use

for the purposes alleged herein.

232.    Reasonable Internet users take steps to secure their Internet access accounts to

prevent the use of such accounts for nefarious and illegal purposes.  As such, Defendants' failure to

secure their Internet access accounts, and thereby prevent such illegal uses thereof, constitutes a

breach of the ordinary care that reasonable persons exercise in using an Internet access account.  In

fact, more Internet service providers, including those who provided service for Defendants,

generally require in their Terms of Service or Terms of Use that subscribers secure wireless routers

with passwords.

233.    Upon information and belief, Plaintiff alleges that Defendants' failure to secure their

Internet access allowed for the copying and sharing of Plaintiff's Motion Picture on Defendants'

respective Internet connections, and interfering with Plaintiff's exclusive rights in the copyrighted

work.

234.    By virtue of this unsecured access, Defendants negligently allowed the use of their

Internet access accounts to perform the above-described copying and sharing of Plaintiff's

copyrighted Motion Picture.

/ / /

///

235.   Had Defendants taken reasonable care and steps in securing access to their Internet connections, such infringements as those described above would not have occurred by the use of their Internet access accounts.

236.   Defendants' negligent actions allowed others to unlawfully copy and share Plaintiff's copyrighted Motion Picture, proximately causing financial harm to Plaintiff and unlawfully interfering with Plaintiff's exclusive rights in the Motion Picture.

237.   As a direct result of Defendants' infringing actions, Plaintiff is entitled to either actual or statutory damages pursuant to 17 U.S.C. §50(c), and to its attorneys' fees pursuant to 17 U.S.C. § 505.

238.   The conduct of Defendants is, and will continue to, cause Plaintiff serious irreparable harm.  Said harm will continue unless Defendants are restrained from such conduct by this Court.  Plaintiff has no adequate remedy at law to stop such conduct.  Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief stopping Defendants from further infringing upon Plaintiff's exclusive rights, and ordering Defendants to destroy all copies of the Motion Picture made in violation of Plaintiff's exclusive rights under the Copyright Act.

**PRAYER FOR RELIEF**

1.   For an injunction providing:

Defendant shall be and hereby is enjoined from directly or indirectly infringing upon Plaintiff's copyrights in the Motion Picture or any other works, whether now in existence or later created, that are owned or controlled by Plaintiff (or any parent, subsidiary, or affiliate of Plaintiff), including without limitation by using the Internet or any online media distribution system to reproduce (i.e. download) any of Plaintiff's works, to distribute (i.e. upload) any of Plaintiff's works, or to make any of Plaintiff's works available for distribution to the public, except pursuant to a lawful license or with the Plaintiff's express written consent.  Defendant shall also destroy all copies of Plaintiff's works that Defendant has

31

downloaded onto any computer hard drive or server and shall destroy all copies of those downloaded works transferred onto any physical medium or device in Defendant's possession, custody, or control.

2.    For damages for each infringement of each copyrighted work pursuant to 17 U.S.C. § 504.  These damages may be actual or statutory, but if statutory damages are elected, the Defendant's acts were willful in nature, justifying an award of up to $150,000 per infringement, and Plaintiff reserves the right to make such an election.

3.    For Plaintiff's costs in this action.

4.    For Plaintiff's attorneys' fees incurred in bringing this action.

5.    For such other and further relief, either at law or in equity, general or special, to which they may be entitled.


DATED: January 26, 2012                    LANG, HANIGAN & CARVALHO, LLP.


By  s/ Arthur Carvalho, Jr.
      Arthur Carvalho, Jr.
      Attorneys for Plaintiff 808 Holdings, LLC.

*Complaint*

℞JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

808 Holdings, LLC.

**DEFENDANTS**

COLLECTIVE OF DECEMBER 30, 2011 SHARING HASH
E37917C8EEB4588E6421358FF32F29CD63C23C910N,
and DOES 1 through 50.

**(b)** County of Residence of First Listed Plaintiff  San Diego County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  unknown
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Arthur Carvalho, Jr., Lang, Hanigan & Carvalho LLP, 21550 Oxnard street, Suite 760 Woodland Hills, CA 91367, 818-883-5644

Attorneys (If Known)

**'12CV0215 MMA RBB**

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☒ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
17 U.S.C. 501

Brief description of cause:
Copyright Infringement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $
$150,000 per infringement

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE
January 26, 2011

SIGNATURE OF ATTORNEY OF RECORD
s/ Arthur Carvalho, Jr.

**FOR OFFICE USE ONLY**

RECEIPT #

AMOUNT

APPLYING IFP

JUDGE

MAG. JUDGE