UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 808 HOLDINGS, LLC, a California limited liability company,<br><br>        Plaintiff,<br><br>v.<br><br>COLLECTIVE OF DECEMBER 30, 2011 SHARING HASH E37917C8EEB4585E6421358FF32F29C D63C23C91ON; DOES 1-54, inclusive,<br><br>        Defendants. | Civil No. 12cv00215 MMA(RBB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO TAKE EARLY DISCOVERY [ECF NO. 4]** |

    The Plaintiff filed a Motion for Leave to Take Early Discovery on February 1, 2012, along with a Memorandum of Points and Authorities and an exhibit [ECF No. 4]. Because no Defendant has been named or served, no opposition or reply briefs have been filed. The Court, on March 1, 2012, issued a minute order addressing Plaintiff's failure to obtain a hearing date before filing its Motion in accordance with the civil local rules [ECF No. 5]. The Court sua sponte set a motion hearing for April 23, 2012, at 10:00 a.m. (Mins. 1, Mar. 1, 2012, ECF No. 5.)

The Court finds the Plaintiff's Motion for Leave to Take Early Discovery suitable for resolution on the papers. See S.D. Cal. Civ. R. 7.1(d)(1). For the reasons discussed below, the Motion is **DENIED**.

**I.**

**PROCEDURAL HISTORY**

Plaintiff 808 Holdings, LLC ("808 Holdings") filed a Complaint on January 26, 2012, against Collective of December 30, 2011 Sharing Hash E37917C8EEB4585E6421358FF32F29CD63C23C91ON, and DOES one through fifty-four ("Defendants") [ECF No. 1]. The next day, 808 Holdings filed an Amended Complaint, erroneously captioned as the "Complaint" [ECF No. 3]. The Court construes this as the amended, operative pleading.

In the Amended Complaint, 808 Holdings indicates that it does business under the names "Cody Media" and "SeanCody.com," and it purports to be the registered owner of, and hold the exclusive rights to, the copyright of the motion picture, "Brandon & Pierce Unwrapped." (Am. Compl. 1, 3, ECF No. 3.) First, 808 Holdings alleges a claim for copyright infringement, stating that Defendants reproduced and distributed Plaintiff's copyrighted material through the Internet without authorization of the Plaintiff. (Id. at 27-28.) Second, 808 Holdings pleads contributory copyright infringement, alleging that Defendants illegally obtained the copyrighted motion picture and assisted others in doing the same. (Id. at 28-30.) Third, Plaintiff argues that the Defendants were negligent in failing to adequately secure their Internet access to prevent its unlawful use by others. (Id. at 30-31.)

On February 1, 2012, 808 Holdings filed this Motion for Leave to Take Early Discovery to learn the identities of the Doe Defendants from their respective Internet Service Providers ("ISPs"). (Mot. Leave Take Early Disc. 1, ECF No. 4.)[1]  In particular, the Plaintiff seeks an order directing the ISPs to release the subscriber's identifying information. (Id. Attach. #1 Mem. P. & A. 1.)  Also, 808 Holdings seeks leave to serve interrogatories on, and take the depositions of, the individuals identified by the ISPs to determine whether the actual Internet subscriber is the proper defendant. (Id.)  Plaintiff attached to its Motion a list of the Internet Protocol ("IP") addresses associated with subscribers it hopes to identify as defendants. (Id. Attach. #2 Ex. A, at 2-3.)  The list does not indicate the city and state attributable to each IP address. (See id.)

## II.

### FACTUAL ALLEGATIONS

Plaintiff 808 Holdings alleges in its Amended Complaint that the fifty-four Doe Defendants collectively infringed its copyrighted work using a BitTorrent file transfer protocol. (Am. Compl. 2, ECF No. 3.)  The Plaintiff generally contends that each time a Defendant distributes the motion picture to others, those individuals can distribute that infringing copy to other people in "an interconnected collective," which builds on prior infringements. (Id.)  The Defendants are purportedly a collection of "BitTorrent users" or "peers" whose computers are connected for

---

[1] Because the pages attached to the Motion are not paginated, the Court will cite to the Motion for Leave to Take Early Discovery using the page numbers assigned by the electronic case filing system.

the purpose of sharing a file, otherwise known as a "swarm." (Id. at 3.)  Plaintiff alleges that each BitTorrent swarm is associated with a particular "hash," which has a specific identifier for the file. (Id.)  The sharing hash associated with the motion picture is E37917C8EEB4585E6421358FF32F29CD63C23C91. (Id. at 4.)

**A.   BitTorrent Protocol**

According to 808 Holdings, the BitTorrent protocol is distinguishable from previously used peer-to-peer file sharing technology, utilized by Napster or Limewire, because it "allows for higher transfer speeds by locating pieces (or 'bits') of the file already present on other users' computers and downloading them simultaneously." (Id. at 23.)  "This is done by joining into the 'swarm,' or collective, of peers to download and upload from each other simultaneously." (Id.)  This process results in faster downloads than peer-to-peer file sharing technology. (Id.)

Plaintiff describes the process of downloading and uploading files through a BitTorrent protocol as "quick and efficient." (Id.)  When a user downloads a media file, he or she opens the file on a BitTorrent client application; the user then extracts a list with tracker locations that connect to IP addresses that are currently running the BitTorrent software and offering to distribute the file. (Id.)  The downloader's BitTorrent program then begins to download the media file automatically. (Id.)

**B.   Forming a Swarm**

In its Amended Complaint, 808 Holdings maintains that a swarm begins with an initial user called the "seeder" who begins to share a file with a torrent swarm. (Id.)  New members of the swarm connect to the seeder to download the media file, which creates a

1  digital copy of the file; the process repeats as new members join
2  the swarm, increasing the number of users in the swarm.  (Id.)
3  Each member both acquires and redistributes the media file by
4  simultaneously uploading and downloading portions of the same
5  digital copy with the other members.  (Id. at 23-24.)  Therefore,
6  Plaintiff contends that even if the original seeder leaves the
7  swarm, the media file can continue to be downloaded by old and new
8  members.  (Id. at 24.)

**C.   The December 30, 2011 Sharing Hash**

Plaintiff claims that on December 30, 2011, each of the Defendants "republished, duplicated, and replicated the exact same copy and exact same hash file."  (Id. at 4.)  Because all the Defendants are associated with this hash, 808 Holdings alleges that each Defendant was a member of the same collective swarm.  (Id. at 25-26.)  Therefore, 808 Holdings maintains that they "acted collectively, and in concert, in effectuating the illegal and unauthorized sharing of Plaintiff's copyrighted work."  (Id. at 25.)  The Plaintiff contends the Doe Defendants acted in unison:

> Defendants engaged in their copyright infringement scheme together. They all used the same torrent-sharing technology to coordinate their collective copyright theft; they were all members of the same exact swarm on the same exact date; they all used the same exact tracker file; they all shared and republished the same exact motion picture; and they all shared the same exact hash file of the Motion Picture with each other and other individuals on the same exact date, December 30, 2011.

(Id. at 4.)

### III.

### LEGAL STANDARDS

Absent a court order, discovery is not generally permitted before the parties have conferred pursuant to Federal Rule of Civil

Procedure 26(f).  Fed. R. Civ. P. 26(d)(1).  Yet, "in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)).  Courts grant these types of requests when the plaintiff shows good cause for the discovery.  Semitool, Inc. v. Tokyo Elec. Am., Inc., 208 F.R.D. 273, 275-76 (N.D. Cal. 2002).

When the defendants' identities are unknown at the time the complaint is filed, courts may grant plaintiffs leave to take early discovery to determine the defendants' identities "unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds."  Gellespie, 629 F.2d at 642.  "A district court's decision to grant discovery to determine jurisdictional facts is a matter of discretion." Columbia Ins. Co., 185 F.R.D. at 578.

District courts apply a three-factor test when considering motions for early discovery to identify certain defendants.  Id. at 578-80.  First, the plaintiff should "identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court."  Id. at 578.  Second, the movant must describe "all previous steps taken to locate the elusive defendant" to ensure that the plaintiff has made a good faith effort to identify and serve process on the defendant.  Id. at 579.  Third, plaintiff should establish that its suit against the defendant could withstand a motion to dismiss.  Id.  "[T]o prevent abuse of this

1  extraordinary application of the discovery process and to ensure
2  that the plaintiff has standing," plaintiff must show that some act
3  giving rise to liability actually occurred and that the discovery
4  is aimed at identifying the person who allegedly committed the act.
5  Id. at 579-80.

**IV.**

**DISCUSSION**

Plaintiff seeks an order permitting it to subpoena twenty-three ISPs for documents and information sufficient to identify the subscribers of the assigned IP addresses listed in Exhibit A to its Motion: (1) AT&T d/b/a SBC Internet Services, (2) BellSouth.net, (3) CABLE ONE, Inc., (4) CenturyTel Internet Holdings, (5) Charter Communications, (6) Comcast Cable, (7) Cox Communications, (8) Cyber Wurx, LLC., (9) Earthlink, (10) Embarq Corporation, (11) Fuse Internet Access, (12) HickoryTech Corporation, (13) Insight Communications Company, (14) The Iserv Company LLC, (15) Level 3 Communications, (16) Optimum Online, (17) Qwest Communications, (18) RCN Corporation, (19) SureWest Broadband, (20) Time Warner d/b/a Road Runner, (21) Verizon Internet Services, (22) WideOpenWest, and (23) Windstream Communications. (Mot. Leave Take Early Disc. Attach. #1 Mem. P. & A. 2, ECF No. 4.)

Exhibit A to Plaintiff's Motion lists the "Host IP address," the "Hit Date(UTC)," the "ISP," and the "FileHash" for each Doe Defendant. (Id. Attach. #2 Ex. A, at 2-3.)  808 Holdings does not identify the city and state where these IP addresses are located. (See id.)  Consequently, the only identifying information for the Doe Defendants is their IP addresses and the corresponding ISP.

<sup>  </sup>
<sup>  </sup>

<sup> </sup>

<sup>  </sup>

<sup>  </sup>

<sup> </sup>

<sup> </sup>

<sup> </sup>

<sup> </sup>

<sup> </sup>

<sup> </sup>

<sup> </sup>

**A.     Identification of Missing Parties with Sufficient Specificity**

First, Plaintiff must identify the Doe Defendants with enough specificity to enable the Court to determine that each defendant is a real person or entity who would be subject to the jurisdiction of this Court. See Columbia Ins. Co., 185 F.R.D. at 578.  In its Motion for Leave to Take Early Discovery, 808 Holdings asserts it has "sufficiently identified individuals who are real persons" that Plaintiff can sue in this federal district court. (Mot. Leave Take Early Disc. Attach. #1 Mem. P. & A. 3, ECF No. 4.)  It has "observed and documented the infringement of its registered work by the individuals identified as DOES . . . ." (Id.)  Also, 808 Holdings contends that the discovery sought is necessary to ascertain the identities of the Defendants. (Id.)

Some district courts in the Ninth Circuit have determined that a plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP addresses assigned to an individual defendant on the day of the allegedly infringing conduct, and by using "geolocation technology" to trace the IP addresses to a physical point of origin. See Openmind Solutions, Inc. v. Does 1-39, No. C-11-3311 MEJ, 2011 U.S. Dist. LEXIS 116552, at *5-6 (N.D. Cal. Oct. 7, 2011); Pink Lotus Entm't v. Does 1-46, No. C-11-02263 HRL, 2011 U.S. Dist. LEXIS 65614, at *6-7 (N.D. Cal. June 21, 2011).  Others have found that merely identifying the IP addresses assigned to the defendants on the day of the purported infringement is sufficient to satisfy the first factor. See MCGIP, LLC v. Does 1-149, No. C-11-02331 LB, 2011 U.S. Dist. LEXIS 85363, at *4-5 (N.D. Cal. Aug. 15, 2011) (opinion by Judge Beeler); First Time

1  Videos LLC v. Does 1-37, No. C-11-01675 LB, 2011 U.S. Dist. LEXIS
2  42376, at *5 (N.D. Cal. April 14, 2011) (opinion by Judge Beeler).
3      This Court agrees with those that have found that a plaintiff
4  has identified Doe defendants with sufficient specificity where "it
5  used geolocation technology to trace [defendants'] IP addresses to
6  a point of origin within the state of California." Openmind
7  Solutions, 2011 U.S. Dist. LEXIS 116552, at *6 (citing Pink Lotus
8  Entm't, 2011 U.S. Dist. LEXIS 65614, at *6-7) (holding that
9  plaintiff satisfied its burden to identify the Doe defendants with
10 specificity by using geolocation technology to trace the
11 defendants' IP addresses to locations in California).  This
12 Plaintiff made similar efforts in another case.  See 808 Holdings,
13 LLC v. Collective of December 29, 2011 Sharing Hash, Case No. 12-
14 cv-0186 MMA(RBB) (S.D. Cal. Jan. 23, 2012) (motion for leave to
15 take early discovery ex. A) (ECF No. 4).  It did not here.  And
16 Plaintiff failed to offer any explanation for not attempting to
17 learn whether the Doe Defendants have Internet IP addresses
18 traceable to this judicial district.  These shortcomings, alone,
19 preclude granting Plaintiff's request for expedited discovery.
20 **B.   Previous Attempts to Locate Defendants**
21      Next, 808 Holdings must describe all prior steps it has taken
22 to identify the Doe Defendants in a good faith effort to locate and
23 serve them.  See Columbia Ins. Co., 185 F.R.D. at 579.  Plaintiff
24 generally maintains that there are no other practical measures
25 available to determine the identities of the Doe Defendants.  (Mot.
26 Leave Take Early Disc. Attach #1 Mem. P. & A. 4, ECF No. 4.)  "Due
27 to the nature of on-line transactions, Plaintiff has no way of
28 investigating the identities of the potential Defendants except via

third-party subpoena to the ISP." (Id.) This statement is disingenuous.

In its Motion, 808 Holdings does not address the efforts it made to learn the IP addresses. Nor does it provide the Court with a declaration describing these attempts. Plaintiff identified the IP addresses from which each Doe Defendant connected to the Internet and recorded the date and time each Defendant accessed Plaintiff's motion picture. (See id. at 5.) Plaintiff apparently conducted "a simple search on a publically available database" to determine which ISP controls the particular IP addresses. (See id.) This description, however, is vague and does not describe why additional identifying information is not included. See Openmind Solutions, 2011 U.S. Dist. LEXIS 116552, at *7-10 (considering plaintiff's detailed account of, and declaration describing, the efforts it engaged in to locate the doe defendants).

Furthermore, 808 Holdings does not state whether it used geolocation technology to trace the Doe Defendants' IP addresses. If not, Plaintiff does not explain why it did not make further efforts to locate the Defendants. In similar contexts, other Plaintiffs have used geolocation technology to trace IP addresses to locations in California. See id. at *6 (citing Pink Lotus Entm't., 2011 U.S. Dist. LEXIS 65614, at *6-7). As mentioned above, this Plaintiff and counsel appear to have done the same in a related case involving the same copyrighted work. See 808 Holdings, LLC v. Collective of December 29, 2011 Sharing Hash, Case No. 12-cv-0186 MMA(RBB) (motion for leave to take early discovery ex. A) (ECF No. 4).

The failure to make a good faith effort to locate the Doe Defendants requires that Plaintiff's Motion be denied.

**C.     Ability to Withstand a Motion to Dismiss**

Finally, to be entitled to early discovery, 808 Holdings must demonstrate that its Amended Complaint can withstand a motion to dismiss.  See Columbia Ins. Co., 185 F.R.D. at 579.

In its Motion for Leave to Take Early Discovery, the Plaintiff declares that it has stated a prima facie claim for copyright infringement that can withstand a motion to dismiss.  (Mot. Leave Take Early Disc. Attach. #1 Mem. P. & A. 4, ECF No. 4.)  According to 808 Holdings, it has adequately alleged that Defendants engaged in the unauthorized reproduction and distribution of its motion picture, and that Plaintiff owns the registered copyrights for the motion picture.  (Id. (citing 17 U.S.C. §§ 106(1)(3)).)  Also, without a citation to supporting authority showing any "duty" to copyright owners, 808 Holdings contends it has sufficiently pleaded a negligence cause of action based on the Defendants' failure to secure their Internet access, which enabled the copyright infringements.  (Id.)

**1.     Lack of personal jurisdiction**

Exhibit A to Plaintiff's Motion does not identify the city and state that corresponds to each IP address.  (See id. Attach. #2 Ex. A, at 2-3, ECF No. 4.)  The only identifying information 808 Holdings provides is the IP address for each Defendant and the corresponding ISP; the hit date and file hash are alleged in the Amended Complaint and do not provide further identifying details about the Doe Defendants.  Plaintiff does not address its failure to investigate or identify the location for each IP address in its

Motion.  The Court is unable to determine whether any IP addresses are located in the State of California.  808 Holdings has not persuaded the Court that the Amended Complaint can survive a motion to dismiss for lack of personal jurisdiction.  See Celestial, Inc. v. Swarm Sharing Hash 8AB508AB0F9EF8B4CDB14C6248F3 C96C65BEB882 on December 4, 2011, No. CV 12-00204 DDP(SSx), 2012 U.S. Dist. LEXIS 41078, at *5 (C.D. Cal. Mar. 23, 2012).

The Plaintiff bears the burden of establishing jurisdictional facts.  See Columbia Ins. Co., 185 F.R.D. at 578 (citing Wells Fargo & Co. v. Wells Fargo Express Co., 556 F.2d 406, 430 n.24 (9th Cir. 1977)).  Yet, remarkably, in its Motion, 808 Holdings does not discuss whether this Court has personal jurisdiction over Defendants.  In its Amended Complaint, however, Plaintiff asserts that the Doe Defendants are subject to personal jurisdiction in this district because they took the "affirmative action of both downloading and uploading" the motion picture, which "contained Plaintiff's business address in this jurisdiction, . . . ." (Am. Compl. 2, ECF No. 3.)  Thus, Plaintiff maintains that "Defendants knew or should have known . . . that the copyright belonged to an entity residing in this jurisdiction and thus [they] expressly targeted their infringing actions and caused damages" in California.  (Id.)

Noticeably, from Plaintiff's Amended Complaint, it is impossible to determine how many of the fifty-four Doe Defendants reside in California or in this judicial district.  (Id.)  This Court must balance the need for discovery against the interests of justice, which includes consideration of the prejudice to the ISP and to the Doe Defendants.  See Semitool, 208 F.R.D. at 276.

Plaintiff has not alleged sufficient facts to show that it can withstand a motion to dismiss for lack of personal jurisdiction as to all fifty-four Doe Defendants.  There is no indication of what cities and states are associated with Defendants' IP addresses. See Celestial, 2012 U.S. Dist. LEXIS 41078, at *5-6 (denying request for early discovery because the complaint could not withstand a motion to dismiss for lack of personal jurisdiction even though all of the IP addresses were located in California).

**2.   Improper venue**

In the same vein, 808 Holdings has not shown that its Amended Complaint can survive a motion to dismiss for improper venue because it is unclear how many of the IP addresses within this judicial district.  As discussed, Plaintiff has not provided the Court with the cities and states that correspond to the IP addresses it lists in Exhibit A to its Motion.

Plaintiff alleges that venue in this district is proper as to all Defendants under 28 U.S.C. §§ 1391(b)(2), 1400(a).  (See Am. Compl. 3, ECF No. 4.)  "The venue of suits for infringement of copyright is not determined be the general provision governing suits in the federal district courts, rather by the venue provision of the Copyright Act." Goldberg v. Cameron, 482 F. Supp. 2d 1136, 1143 (N.D. Cal. 2007).  Civil actions for copyright infringement "may be instituted in the district in which the defendant or his agent resides or may be found."  28 U.S.C.A. § 1400(a) (West 2006). An individual "resides" for venue purposes in the district of his domicile.  17 James Wm. Moore, et al., Moore's Federal Practice, § 110.39[2], at 110-76 (3d ed. 2011).  A defendant is "found" for venue purposes where he is subject to personal jurisdiction. Id.

(footnote omitted); see Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1126 (9th Cir. 2010) ("This circuit interprets [28 U.S.C. § 1400(a)] to allow venue in any judicial district where, if treated as a separate state, the defendant would be subject to personal jurisdiction.").

Plaintiff fails to address venue in its Motion. In the Amended Complaint, however, 808 Holdings asserts venue is proper because although the true identities of the Defendants are unknown, "on information and belief, each Defendant may be found in this District and/or a substantial part of the infringing acts complained of occurred in this District." (Am. Compl. 3, ECF No. 3.) 808 Holdings intentionally muddies the distinction between whether any Defendant is found in this district and whether infringing acts occurred here. Plaintiff has not shown that it can withstand a motion to dismiss for improper venue pursuant to 28 U.S.C. § 1406(a), especially when there is no alternate district to which a transfer would be appropriate. See 28 U.S.C.A. § 1406 (West 2006).

### 3. Misjoinder

In addition to personal jurisdiction and venue, 808 Holdings has failed to show that its claims can withstand a motion to dismiss for improper joinder. Fed. R. Civ. P. 20(a); see Celestial, 2012 U.S. Dist. LEXIS 41078, at *7 n.3. Although the Ninth Circuit has not ruled on whether permissive joinder is proper in cases where Doe defendants collectively download and upload the same file using BitTorrent technology, several recent district court cases in the circuit have found joinder improper. See Celestial, 2012 U.S. Dist. LEXIS 41078, at *7 n.3 (citing recent

```
 1  cases finding misjoinder); see also Liberty Media Holdings, 2012
 2  U.S. Dist. LEXIS 24232, at *16-17.  In its conclusory pleading and
 3  Motion, 808 Holdings has not established that the Amended Complaint
 4  can withstand a motion to dismiss for misjoinder.
```

**V.**

**CONCLUSION**

For all of these reasons, Plaintiff's Motion for Leave to Take Early Discovery [ECF No. 4] is **DENIED**.  See Columbia Ins. Co., 185 F.R.D. at 578 (stating that a whether to grant discovery to determine jurisdictional facts is a matter of discretion).

**IT IS SO ORDERED.**

Dated:  May 4, 2012

RUBEN B. BROOKS
United States Magistrate Judge

cc: Judge Anello
    All Parties of Record